**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HASNIJA STUPAR,

                Plaintiff,

v.                                                    Case No. 3:15-cv-555-J-34MCR

METROPOLITAN LIFE INSURANCE
COMPANY,

                Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 36; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on August 1, 2016. In the Report, Judge Richardson recommends that the Court grant Defendant MetLife's Motion for Final Judgment with Supporting Memorandum of Law (Doc. 20; Defendant's Motion) and deny Plaintiff's Dispositive Motion for Final Summary Judgment (Doc. 19; Plaintiff's Motion). On August 9, 2016, Plaintiff, Hasnija Stupar, filed her pro se Objection to the District Judge for Proposed Findings and Recommendations (Doc. 37; Plaintiff's Objection). Defendant, Metropolitan Life Insurance Company, ("MetLife") responded on August 23, 2016. See Defendant's Response to Plaintiff's Objection to the District Judge for Proposed Findings and Recommendations (Doc. 41; Defendant's Response to Plaintiff's Objection). MetLife also raised objections. See Defendant's Objection, In Part, to the Report and Recommendation on Its Motion for Final Summary Judgment (Doc. 40; Defendant's Objection), filed on August 16, 2016. And Ms. Stupar responded on August 29, 2016, by filing Plaintiff's Memorandum in Response to

Defendant's Partial Objections to Report and Recommendation (Doc. 42; Plaintiff's Response to Defendant's Objection). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Ms. Stupar, without the assistance of her lawyer, objects to the Report on a single ground: that the Magistrate Judge failed to consider her alleged bipolar disorder in determining whether MetLife abused its discretion in denying her claim for continuing long-term disability benefits.[1] See Plaintiff's Objection at 2. As an initial matter, the Court notes that Ms. Stupar's counsel expressly abandoned any argument that she was entitled to benefits beyond the 24-month period set forth in the applicable plan documents based on an excepted mental disorder. See Plaintiff's Motion at 11–12. As such, the Court has no obligation to consider Ms. Stupar's objection for the first time in reviewing the Magistrate Judge's Report. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009)

---

[1] Notably, Ms. Stupar was represented by counsel at the time she filed her Objection, so ordinarily the Court would strike it. See Rule 2.03(d), Local Rules, United States District Court, Middle District of Florida. Indeed, she remains represented by counsel at this time. Although shortly after she filed Plaintiff's Objection, Ms. Stupar's lawyer moved to withdraw, the Court denied the motion without prejudice, see Order Denying Motion to Withdraw (Doc. 39), and the lawyer has not renewed his motion to withdraw. Nevertheless, in light of Ms. Stupar's belief that her lawyer misled her and her decision to object to the Report without consulting her lawyer, in an abundance of caution, the Court will consider her Objection as filed.

("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Nevertheless, because Ms. Stupar apparently believes her lawyer abandoned the argument in bad faith, see Plaintiff's Objection at 2, the Court will address it here.

Ms. Stupar is correct that, under the governing long-term disability plan, an insured's disability arising from bipolar disorder is excepted from the 24-month lifetime limitation on benefits ordinarily applicable where the disability arises from a mental or nervous disorder or disease. See Complaint, Exhibit A (Doc. 1-1; the "Plan") at 27. However, her belief that she is entitled to benefits under that exception is mistaken. Ms. Stupar cites a single medical record from examining physician Dr. Maureen O'Brien as evidence supporting her claim: a notation that Ms. Stupar "has a history of … bipolar." See Plaintiff's Objection, Exhibit 1 at 2. The parties and the Magistrate Judge referenced that notation, see Plaintiff's Motion at 6; Defendant's Motion at 11; Report at 23, and implicitly concluded, correctly, that it was insufficient to place her within the Plan exception she cites. Dr. O'Brien's notation indicates no more than that Ms. Stupar herself reported that she had a history of bipolar disorder. Significantly, Dr. O'Brien ultimately did not diagnose Ms. Stupar with that disorder, see Plaintiff's Objection, Exhibit 1 at 5, and no other medical professional made such a diagnosis, see Report at 11–29 (Magistrate Judge's summary of Ms. Stupar's medical records). Indeed, Ms. Stupar has pointed to no other medical record in the hundreds of pages of records she provided in connection with her claim for benefits that mentions bipolar disorder.[2] Given the complete lack of medical

---

[2] Independent physician consultant Dr. Mimi Thein listed bipolar disorder among Ms. Stupar's "primary diagnos[e]s" at the start of her report. See Administrative Record (Docs. 18-1–18-22; "AR") at 410. However, it appears that she was repeating the mention of bipolar in Dr. O'Brien's notes because Dr. Thein later concluded that "the medical documentation available does not support evidence of the claimant to be experiencing … bipolar disorder in or around 9/16/13." AR 416.

evidence to support Ms. Stupar's assertion that she has bipolar disorder, neither MetLife nor the Magistrate Judge erred in concluding that she did not qualify for an exception to the 24-month limitation.[3]

Moreover, even if the Court were to credit the assertion that Ms. Stupar in fact has a diagnosis of bipolar disorder based solely on Dr. O'Brien's notes, Ms. Stupar has offered no evidence that she was or is receiving appropriate care or treatment from a doctor for bipolar disorder or any other mental disorder, as is required to be entitled to benefits under the Plan.[4] See Plan at 16, 19; see also Administrative Record (Docs. 18-1–18-22; "AR") at 417 (independent physician consultant's determination that, based on medical documentation provided, Ms. Stupar was "not receiving any on-going mental health evaluation, treatment, etc.[,] beyond 9/16/13"). As such, the mere existence of a diagnosis of bipolar disorder would be insufficient to warrant an award of benefits beyond the 24-month limitation.

As noted, MetLife also filed an Objection to the Report. See Defendant's Objection. In Defendant's Objection, MetLife cites no legal or factual error in the Report. Instead, noting that a party must object to a magistrate judge's failure to address an issue in a report and recommendation in order to preserve the issue for appeal, MetLife asks the Court to address its request for summary judgment based on the untimeliness of Ms.

---

[3] Because the Court concludes that MetLife was not wrong in determining that Ms. Stupar does not have bipolar disorder, the Court's analysis ends here. See Capone v. Aetna Life Ins. Co., 592 F.3d 1189, 1195 (11th Cir. 2010) (explaining that the first step in a court's review of an ERISA benefits denial is application of "the de novo standard to determine whether the claim administrator's benefits-denial decision is 'wrong' (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision").

[4] To the extent Ms. Stupar expresses her willingness to see "any physician necessary" to be reevaluated for bipolar disorder, see Plaintiff's Objection at 3, the Court observes that its review is limited to the evidence presented during the administrative proceedings, so any new evidence of a diagnosis or treatment would be irrelevant. See Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan, — F.3d —, 2016 WL 4361936, at *10 (11th Cir. Aug. 16, 2016) ("[I]n reviewing a denial of ERISA benefits, the relevant evidence is limited to the record before the administrator at the time the decision was made.").
-4-

Stupar's lawsuit, and that the Court modify the Report accordingly. See Defendant's Objection at 1; Defendant's Motion at 22–25. Although MetLife desires a resolution of its timeliness defense, it does not suggest that the Magistrate Judge erred in declining to address the issue and instead resolving Ms. Stupar's claim on the merits. The Court independently observes no error in doing so, and as such will overrule MetLife's Objection to the Report based on the Magistrate Judge's decision to not address the parties' arguments regarding timeliness and equitable tolling. See Terry Props., Inc. v. Standard Oil Co. (Ind.), 799 F.2d 1523, 1533 (11th Cir. 1986) (declining to address statute of limitations issues and instead affirming judgment on substantive merits).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, as supplemented here, the Court will overrule the parties' Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge as supplemented here. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Hasnija Stupar's Objection to the District Judge for Proposed Findings and Recommendations (Doc. 37) is **OVERRULED.**

2. Defendant's Objection, In Part, to the Report and Recommendation on Its Motion for Final Summary Judgment (Doc. 40) is **OVERRULED.**

3. The Magistrate Judge's Report and Recommendation (Doc. 36) is **ADOPTED** as the opinion of the Court as supplemented in this Order.

4. Defendant MetLife's Motion for Final Judgment with Supporting Memorandum of Law (Doc. 20) is **GRANTED.**

5. Plaintiff's Dispositive Motion for Final Summary Judgment (Doc. 19) is **DENIED.**

6. The Clerk of the Court is directed to enter judgment in favor of MetLife and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 13, 2016.

                                                MARCIA MORALES HOWARD
                                                United States District Judge

lc21
Copies to counsel of record